ORIGINAL

FILED-USDC-NCTX-DA
'26 APR 28 PM 3:22

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. **3-26CR-211 N** |
| v. | |
| LONTRELL WILLIAMS JR. (01) | |
| LONTRELL WILLIAMS SR. (02) | |
| RODNEY WRIGHT JR. (03) | |
| DEMARCUS GLOVER (04) | |
| DARRION MCDANIEL (05) | |
| TERRANCE RODGERS (06) | |
| KORDAE JOHNSON (07) | |
| KEDARIUS WATERS (08) | |
| DAMARIAN GIPSON (09) | |

## INDICTMENT

The Grand Jury charges:

### Count One
### Conspiracy to Commit Kidnapping
(Violation of 18 U.S.C. § 1201(c))

Beginning in or around January of 2026, the exact date being unknown to the Grand Jury, and continuing through on or about January 13, 2026, in the Dallas Division of the Northern District of Texas, and elsewhere, the defendants, **Lontrell Williams Jr.**, **Lontrell Williams Sr.**, **Rodney Wright Jr.**, **Demarcus Glover**, **Darrion McDaniel**, **Terrance Rodgers**, **Kordae Johnson**, **Kedarius Waters**, and **Damarian Gipson**, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree together to commit the offense of kidnapping, in violation of 18 U.S.C. § 1201(a)(1).

Indictment—Page 1

Object of the Conspiracy

The object of the conspiracy was to unlawfully and willfully kidnap, confine, inveigle, decoy, and hold R.D., M.M., and B.P., for ransom, reward, and some purpose and benefit.

Manner and Means

It was part of the conspiracy that the defendants, **Lontrell Williams Jr. ("Williams Jr."), Lontrell Williams Sr. ("Williams Sr."), Rodney Wright Jr. ("Wright"), Demarcus Glover ("Glover"), Darrion McDaniel ("McDaniel"), Terrance Rodgers ("Rodgers"), Kordae Johnson ("Johnson"), Kedarius Waters ("Waters"), and Damarian Gipson ("Gipson"),** formulated a plan and agreement which, among other things, included:

a. the use of the internet to commit or further the commission of the kidnapping;

b. the use of a cellular telephone to plan, commit, or further the commission of the kidnapping;

c. the possession of multiple firearms in furtherance of the kidnapping

d. the means of transportation to commit or further the commission of the kidnapping; and

e. travelling in interstate and foreign commerce in committing and in furtherance of the commission of the offense.

Overt Acts in Furtherance of the Conspiracy

To effect the object of the conspiracy, the defendants, **Williams Jr., Williams Sr., Wright, Glover, McDaniel, Rodgers, Johnson, Waters,** and **Gipson,** committed overt

acts within the Northern District of Texas, and elsewhere, including, but not limited to, the following:

1.      Prior to January 10, 2026, **Williams Jr.** used a cellular telephone to arrange a meeting with R.D. to occur in the Northern District of Texas under the pretext of discussing **Williams Jr.**'s recording contract with 1017.

2.      Prior to January 10, 2026, **Williams Sr.** rented a vehicle, a Buick Enclave, used in transport to and from the offense.

3.      Prior to January 10, 2026, **Wright**, **Glover**, **McDaniel**, **Rodgers**, **Johnson**, **Waters**, and **Gipson** traveled from the area around Memphis, Tennessee to the Northern District of Texas and elsewhere.

4.      On or about January 10, 2026, **Williams Sr.** used the internet and an email account to facilitate the printing of a release of contract at Staples. **Williams Sr.** then traveled in a rented Buick Enclave to Staples and printed this document.

5.      On or about January 10, 2026, **Williams Sr.**, using a cellular telephone, called J.N.—the owner of a Dallas, Texas music recording studio—to book the studio that afternoon.

6.      On or about January 10, 2026, **Williams Jr.**, **Williams Sr.**, **Wright**, **Glover**, **McDaniel**, **Rodgers**, **Johnson**, **Waters**, and **Gipson** traveled in three vehicles and equipped with firearms to the music recording studio with the intent to commit the kidnapping.

Indictment—Page 3

7.    On or about January 10, 2026, **Williams Jr.** brandished a firearm and restrained the movement of R.D. against his will and without his consent while presenting him with a release of contract and demanding that R.D. sign the document.

8.    On or about January 10, 2026, **Wright** retrieved a bag containing a firearm at **Williams Jr.**'s direction and provided it to **Williams Jr.** to further the commission of the extortion.

9.    On or about January 10, 2026, **Williams Sr.** reviewed release of contract after R.D. signed it and instructed **Williams Jr.** that R.D. needed to add a date next to his signature, at which point **Williams Jr.** compelled R.D. to date the document.

10.    On or about January 10, 2026, **Wright** used a cellular telephone to record R.D. signing the release of contract and stating that he "released" **Williams Jr.** from the recording contract.

11.    On or about January 10, 2026, **Williams Jr.** took a wedding band, watch, earrings, and currency from R.D.

12.    On or about January 10, 2026, **Williams Jr.**, **Wright**, **Glover**, **McDaniel**, **Rodgers**, **Johnson**, **Waters**, and **Gipson** brandished firearms and restrained the movement of M.M. and B.P. against their will and without their consent.

13.    On or about January 10, 2026, **Wright** blocked the door of the recording studio, preventing R.D., M.M., and B.P. from leaving and preventing C.W. and T.D., security for R.D., from entering.

14.    On or about January 10, 2026, **Rodgers** brandished a firearm while searching B.P.'s pockets and stealing his wallet.

15.    On or about January 10, 2026, **McDaniel** brandished a firearm while stealing jewelry, including a necklace bearing the moniker "1017," from B.P. and threatening to shoot him.

16.    On or about January 10, 2026, **Johnson** brandished a firearm and held B.P. and others at gunpoint.

17.    On or about January 10, 2026, **Waters** brandished a firearm at C.W. and T.D. as they attempted to enter the music studio control room and held M.M., B.P., and others at gunpoint.

18.    On or about January 10, 2026, **Glover** brandished a firearm, choked M.M., and robbed M.M. of a Rolex watch, a Louis Vuitton bag containing additional watches, Apple AirPod headphones, and a wallet.

19.    On or about January 11, 2026, **Glover**, **McDaniel**, **Rodgers**, and **Gipson** traveled from Dallas, Texas to Memphis, Tennessee with personal property stolen from M.M. and B.P.

20.    On or about January 13, 2026, **Wright**, **Johnson**, and **Waters** traveled from Dallas, Texas to Memphis, Tennessee with personal property stolen from M.M. and B.P.

In violation of 18 U.S.C. § 1201(c).

Count Two
Kidnapping; Aiding and Abetting
(Violation of 18 U.S.C. §§ 1201(a)(1) and 2)

On or about January 10, 2026, in the Dallas Division of the Northern District of Texas, the defendants, **Lontrell Williams Jr.**, **Lontrell Williams Sr.**, **Rodney Wright Jr.**, **Demarcus Glover**, **Darrion McDaniel**, **Terrance Rodgers**, **Kordae Johnson**, **Kedarius Waters**, and **Damarian Gipson**, aiding and abetting one another, did unlawfully and willfully kidnap, confine, inveigle, decoy, and hold R.D., M.M., and B.P., for some purpose and benefit, and the defendants, aiding and abetting each other, did use any means, facility, and instrumentality of interstate and foreign commerce, namely, a cellular telephone, the internet, and a motor vehicle, in committing and in furtherance of the commission of the offense and did travel in interstate or foreign commerce in committing or in furtherance of the commission of the offense.

In violation of 18 U.S.C. §§ 1201(a)(1) and 2; liability under *Pinkerton v. United States*, 328 U.S. 640 (1946).

Count Three
Conspiracy to Commit Extortion by Force, Violence, and Fear
(Violation of 18 U.S.C. §§ 1951(a), 1951(b)(2))

Beginning in or around January of 2026, the exact date being unknown to the Grand Jury, and continuing through on or about January 10, 2026, in the Dallas Division of the Northern District of Texas, and elsewhere, the defendants, **Lontrell Williams Jr.**, **Lontrell Williams Sr.**, **Rodney Wright Jr.**, **Demarcus Glover**, **Darrion McDaniel**, **Terrance Rodgers**, **Kordae Johnson**, **Kedarius Waters**, and **Damarian Gipson** did knowingly and intentionally combine, conspire, confederate, and agree together to commit the offense of extortion by force, violence, and fear, as those terms are defined in 18 U.S.C. § 1951(b)(2) in violation of 18 U.S.C. § 1951(a).

Object of the Conspiracy

The object of the conspiracy was to unlawfully obtain from R.D., M.M., and B.P., with their consent induced by the wrongful use of actual and threatened force, violence, and fear, property including a release of contract purporting to release Williams Jr. from his recording contract with R.D.'s music label, 1017, as well as jewelry, watches, currency, and other items of personal property.

Interstate Commerce

At all times relevant to this Indictment, R.D. was the owner and operator of a music label, 1017, engaged in the business of producing, distributing, and selling recorded music in interstate and foreign commerce. **Williams Jr.** was a recording artist under contract with 1017. The recording contract between **Williams Jr.** and 1017

Indictment—Page 7

governed the production and distribution of musical works in interstate and foreign commerce. The jewelry, watches, and currency taken from R.D., M.M., and B.P. had moved in, and were the subject of, interstate and foreign commerce. The conduct of the defendants, as alleged, obstructed, delayed, and affected interstate and foreign commerce and the movement of articles and commodities in such commerce.

Manner and Means

It was part of the conspiracy that the defendants, **Lontrell Williams Jr.** (**"Williams Jr."**, **Lontrell Williams Sr.** (**"Williams Sr."**), **Rodney Wright Jr.** (**"Wright"**), **Demarcus Glover** (**"Glover"**), **Darrion McDaniel** (**"McDaniel"**), **Terrance Rodgers** (**"Rodgers"**), **Kordae Johnson** (**"Johnson"**), **Kedarius Waters** (**"Waters"**), and **Damarian Gipson** (**"Gipson"**), formulated a plan and agreement which, among other things, included:

a. the use of the internet to commit or further the commission of the extortion;

b. the use of cellular telephones to plan, commit, or further the commission of the extortion;

c. the use of false pretenses, namely, the pretext of a legitimate business meeting and recording session, to lure R.D. and his associates to a location selected by the defendants;

d. the procurement of a release of contract intended to be presented to R.D. under threat of force;

e. the procurement and possession of multiple firearms, including handguns and AK-style and AR-style pistols, to be used to threaten R.D., M.M., and B.P.;

f.     the use of actual and threatened force, violence, and fear to obtain R.D.'s signature on the release of contract, purporting to extinguish R.D.'s and 1017's contractual rights in the recording agreement with **Williams Jr.**;

g.     the use of actual and threatened force, violence, and fear to obtain jewelry, watches, currency, and other items of personal property from R.D., M.M., and B.P.;

h.     the use of multiple vehicles to travel to and from the location of the extortion; and

i.     traveling in interstate and foreign commerce in committing and in furtherance of the commission of the offense.

<u>Overt Acts in Furtherance of the Conspiracy</u>

To effect the object of the conspiracy, the defendants, **Williams Jr.**, **Williams Sr.**, **Wright**, **Glover**, **McDaniel**, **Rodgers**, **Johnson**, **Waters**, and **Gipson**, committed overt acts within the Northern District of Texas, and elsewhere, including, but not limited to, the following:

21.     Prior to January 10, 2026, **Williams Jr.** used a cellular telephone to arrange a meeting with R.D. to occur in the Northern District of Texas under the pretext of discussing **Williams Jr.**'s recording contract with 1017.

22.     Prior to January 10, 2026, **Williams Sr.** rented a vehicle, a Buick Enclave, used in transport to and from the offense.

23.     Prior to January 10, 2026, **Wright**, **Glover, McDaniel**, **Rodgers**, **Johnson, Waters**, and **Gipson** traveled from the area around Memphis, Tennessee to the Northern District of Texas and elsewhere.

24.     On or about January 10, 2026, **Williams Sr.** used the internet and an email account to facilitate the printing of a release of contract at Staples. **Williams Sr.** then traveled in a rented Buick Enclave to Staples and printed this document.

25.     On or about January 10, 2026, **Williams Sr.**, using a cellular telephone, called J.N.—the owner of a Dallas, Texas music recording studio—to book the studio that afternoon.

26.     On or about January 10, 2026, **Williams Jr.**, **Williams Sr.**, **Wright**, **Glover**, **McDaniel**, **Rodgers**, **Johnson**, **Waters**, and **Gipson** traveled in three vehicles and equipped with firearms to the music recording studio with the intent to commit the extortion.

27.     On or about January 10, 2026, **Williams Jr.** brandished a firearm and restrained the movement of R.D. against his will and without his consent while presenting him with a release of contract and demanding that R.D. sign the document.

28.     On or about January 10, 2026, **Wright** retrieved a bag containing a firearm at **Williams Jr.**'s direction and provided it to **Williams Jr.** to further the commission of the extortion.

29.     On or about January 10, 2026, **Williams Sr.** reviewed release of contract after R.D. signed it and instructed **Williams Jr.** that R.D. needed to add a date next to his signature, at which point **Williams Jr.** compelled R.D. to date the document.

Indictment—Page 10

30.    On or about January 10, 2026, **Wright** used a cellular telephone to record R.D. signing the release of contract and stating that he "released" **Williams Jr.** from the recording contract.

31.    On or about January 10, 2026, **Williams Jr.** took a wedding band, watch, earrings, and currency from R.D.

32.    On or about January 10, 2026, **Williams Jr.**, **Wright**, **Glover**, **McDaniel**, **Rodgers**, **Johnson**, **Waters**, and **Gipson** brandished firearms and restrained the movement of M.M. and B.P. against their will and without their consent.

33.    On or about January 10, 2026, **Wright** blocked the door of the recording studio, preventing R.D., M.M., and B.P. from leaving and preventing C.W. and T.D., security for R.D., from entering.

34.    On or about January 10, 2026, **Rodgers** brandished a firearm while searching B.P.'s pockets and stealing his wallet.

35.    On or about January 10, 2026, **McDaniel** brandished a firearm while stealing jewelry, including a necklace bearing the moniker "1017," from B.P. and threatening to shoot him.

36.    On or about January 10, 2026, **Johnson** brandished a firearm and held B.P. and others at gunpoint.

37.    On or about January 10, 2026, **Waters** brandished a firearm at C.W. and T.D. as they attempted to enter the music studio control room and held M.M., B.P., and others at gunpoint.

38.    On or about January 10, 2026, **Glover** brandished a firearm, choked M.M., and robbed M.M. of a Rolex watch, a Louis Vuitton bag containing additional watches, Apple AirPod headphones, and a wallet.

39.    On or about January 11, 2026, **Glover**, **McDaniel**, **Rodgers**, and **Gipson** traveled from Dallas, Texas to Memphis, Tennessee with personal property stolen from M.M. and B.P.

40.    On or about January 13, 2026, **Wright**, **Johnson**, and **Waters** traveled from Dallas, Texas to Memphis, Tennessee with personal property stolen from M.M. and B.P.

In violation of 18 U.S.C. § 1951(a).

Count Four
Extortion by Force, Violence, and Fear; Aiding and Abetting
(Violation of 18 U.S.C. §§ 1951(a), 1951(b)(2) and 2)

On or about January 10, 2026, in the Dallas Division of the Northern District of Texas, the defendants, **Lontrell Williams Jr.**, **Lontrell Williams Sr.**, **Rodney Wright Jr.**, **Demarcus Glover**, **Darrion McDaniel**, **Terrance Rodgers**, **Kordae Johnson**, **Kedarius Waters**, and **Damarian Gipson**, aiding and abetting each other, did obstruct, delay, and affect commerce, as that term is defined in 18 U.S.C. § 1951, and the movement of any article and commodity in such commerce, in that the defendants did unlawfully take and obtain property, to-wit: jewelry, watches, from the person and in the presence of, R.D., with that person's consent induced by the wrongful use of actual and threatened force, violence, and fear.

In violation of 18 U.S.C. § 1951(a) liability under 18 U.S.C. § 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## Count Five
### Interstate Transport of Stolen Goods; Aiding and Abetting
(Violation of 18 U.S.C. §§ 2314 and 2)

On or about January 11, 2026 , in the Dallas Division of the Northern District of Texas, the defendants, **Demarcus Glover**, **Darrion McDaniel**, **Terrance Rodgers**, and **Damarian Gipson**, aiding and abetting each other, transported and caused to be transported in interstate commerce from Texas to Tennessee and elsewhere, stolen goods, wares, and merchandise, that is, jewelry and watches, having an aggregate value of $5,000 or more, knowing the same to have been stolen.

In violation of 18 U.S.C. § 2314.

Forfeiture Notice
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

Upon conviction of the charged offenses and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendants, **Lontrell Williams Jr.**, **Lontrell Williams Sr.**, **Rodney Wright Jr.**, **Demarcus Glover**, **Darrion McDaniel**, **Terrance Rodgers**, **Kordae Johnson**, **Kedarius Waters**, and **Damarian Gipson**, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from, whether directly or indirectly, proceeds traceable to the respective offenses, including a money judgment in the amount of U.S. currency constituting the proceeds traceable to the offenses.

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if any of the above property subject to forfeiture, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States of America to seek forfeiture of any other property of the defendant up to the value of the above described property subject to forfeiture.

A TRUE BILL:

_____
FOREPERSON

RYAN RAYBOULD
UNITED STATES ATTORNEY

_____
ROBERT WITHERS
Assistant United States Attorney
Texas Bar No. 24072758
CLAIRE E. DEMERS
Assistant United States Attorney
Texas Bar Number 24132238
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel:    214-659-8600
Fax:    214-659-8805
Email: Robert.Withers@usdoj.gov
        Claire.Demers@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

LONTRELL WILLIAMS JR. (01)
LONTRELL WILLIAMS SR. (02)
RODNEY WRIGHT JR. (03)
DEMARCUS GLOVER (04)
DARRION MCDANIEL (05)
TERRANCE RODGERS (06)
KORDAE JOHNSON (07)
KEDARIUS WATERS (08)
DAMARIAN GIPSON (09)

INDICTMENT

18 U.S.C. § 1201(c)
Conspiracy to Commit Kidnapping
(Count 1)

18 U.S.C. §§ 1201(a)(1) and 2
Kidnapping; Aiding and Abetting
(Count 2)

18 U.S.C. §§ 1951(a), 1951(b)(2)
Conspiracy to Commit Extortion by Force, Violence, and Fear
(Count 3)

18 U.S.C. §§ 1951(a), 1951(b)(2) and 2
Extortion by Force, Violence, and Fear; Aiding and Abetting
(Count 4)

18 U.S.C. §§ 2314 and 2
Interstate Transport of Stolen Goods; Aiding and Abetting
(Count 5)

Forfeiture Notice
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

5 Counts

A true bill rendered

DALLAS _____ FOREPERSON

Filed in open court this **28** day of April, 2026.

**Defendant in Federal Custody since**  4/17/2026 – LONTRELL WILLIAMS JR. (01)
**Defendant in Federal Custody since**  4/10/2026 – LONTRELL WILLIAMS SR. (02)
**Defendant in Federal Custody since**  4/17/2026 – RODNEY WRIGHT JR. (03)
**Warrant Needed – In State Custody** - DEMARCUS GLOVER (04)
**Defendant in Federal Custody since**  4/20/2026 – DARRION MCDANIEL (05)
**Defendant in Federal Custody** - TERRANCE RODGERS (06).
**Defendant in Federal Custody since**  4/20/2026 – KORDAE JOHNSON (07)
**Defendant in Federal Custody since**  4/17/2026 – KEDARIUS WATERS (08)
**Defendant in Federal Custody since**  4/17/2026 - DAMARIAN GIPSON (09)

_____
UNITED STATES MAGISTRATE JUDGE
Magistrate Court Number:   3:26-MJ-328-BK