IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

LONTRELL WILLIAMS JR. (01)
LONTRELL WILLIAMS SR. (02)
RODNEY WRIGHT JR. (03)
DEMARCUS GLOVER (04)
DARRION MCDANIEL (05)
TERRANCE RODGERS (06)
KORDAE JOHNSON (07)
KEDARIUS WATERS (08)
DAMARIAN GIPSON (09)

Case No. 3:26-CR-00211-N

## MOTION FOR PROTECTIVE ORDER GOVERNING DISCOVERY MATERIALS

The government respectfully submits this Motion for a Protective Order

Governing Discovery Materials.  In support thereof, the government states as follows:

1.      On April 28, 2026, a federal grand jury indicted Lontrell Williams Jr.,

Lontrell Williams Sr., Rodney Wright Jr., Demarcus Glover, Darrion McDaniel, Terrance

Rodgers, Kordae Johnson, Kedarius Waters, and Damarian Gipson for Conspiracy to

Commit Kidnapping in violation of 18 U.S.C. § 1201(c); Kidnapping and Aiding and

Abetting in violation of 18 U.S.C. §§ 1201(a)(1) and (2); Conspiracy to Commit

Extortion by Force, Violence, and Fear and Extortion by Force, Violence, and Fear and

Aiding and Abetting in violation of 18 U.S.C. §§ 1951(a) and (b)(2) and 18 U.S.C. § 2;

and Interstate Transport of Stolen Goods and Aiding and Abetting in violation of 18

U.S.C. §§ 2313 and 2. (Dkt. 75.)

**Unopposed Motion for Protective Order—Page 1 of 4**

2.      The government has prepared a large volume of discovery in this case, some of which contains the personally identifying information[1] of the victims of the offense. Pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(8), victims have the right to dignity, privacy, and the protection of their personal information.  In addition, the discovery materials contain other personal identifying information regarding witnesses and other third parties who have been involved in the investigation into the aforementioned criminal offenses.

3.      To ensure compliance with the government's discovery obligations, expedite the exchange of discovery material between the parties, and facilitate the timely resolution of this case, the government seeks to disclose discovery to the defendant pursuant to the attached protective order (the "Protective Order").

4.      Here, there is good cause for this Court to issue the Protective Order because doing so will expedite disclosure of discovery to the defendant by eliminating the need for the government to perform a document-by-document evaluation and redaction of the discovery materials to protect personal identifying information and other sensitive information.

---

[1] For the purposes of this Motion and the proposed Protective Order, the government defines "personally Identifying Information" or "PII" as any information that can be used to distinguish or trace an individual's identity, either alone or when combined with other information that is linked or linkable to a specific individual. PII includes, but is not limited to: (a) the identifiers enumerated in Federal Rule of Criminal Procedure 49.1(a), namely Social Security numbers, dates of birth, financial-account numbers, and home addresses; (b) driver's license, passport, and other government-issued identification numbers; (c) employment and financial records; (d) telephone numbers, email addresses, IP addresses, and mailing addresses; (e) login credentials, account names, and device identifiers; and (f) any information concerning a victim, witness, cooperator, or third party not charged in the Indictment, the disclosure of which could reasonably be used to identify, locate, or contact that individual.

5.      Pursuant to Federal Rule of Criminal Procedure 16(d), this Court has the authority to issue an order to facilitate the discovery process and to ensure that information that falls under the protective order is to be used only for purposes of litigating this case.  *See United States v. Salemme*, 978 F. Supp. 386, 390 (D. Mass. 1997); *United States v. Gangi*, 1998 WL 226196, at *4 (S.D.N.Y. May 4, 1998).  Indeed, the Supreme Court has recognized that a trial court "can and should, where appropriate, place a [party] under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect."  *Alderman v. United States*, 394 U.S. 165, 185 (1969).

6.      The government provided a copy of the Protective Order Governing Discovery Materials to the counsel of record for the defendants, who have all except for counsel for Defendant McDaniels confirmed that they agree to abide by the terms of the order and that this Motion is unopposed.

7.      Thus, pursuant to this Court's authority under Federal Rule of Criminal Procedure 16(d), and for good cause shown, the government respectfully asks this Court to enter the attached Protective Order Governing Discovery Materials to facilitate the discovery process in this case.

Dated: May 22, 2026

**Unopposed Motion for Protective Order—Page 3 of 4**

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY


*/s/ Claire E. Demers*
CLAIRE E. DEMERS
Assistant United States Attorney
Texas Bar Number 24132238
ROBERT WITHERS
Assistant United States Attorney
Texas Bar No. 24072758
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone:  (214) 659-8600
Facsimile:  (214) 659-8805
Claire.Demers@usdoj.gov


## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for each defendant, and that counsel for defendants Gipson, Johnson, Rodgers, Waters, Williams Jr., Williams Sr., Wright Jr., have confirmed they are unopposed to this Motion and the corresponding Protective Order Governing Discovery Materials. Counsel for Defendant McDaniels was provided with a copy of the proposed Motion and Order on May 28, 2026, but is presently in trial, and has not yet provided a response.

*/s/ Claire E. Demers*
CLAIRE E. DEMERS
Assistant United States Attorney