IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

LONTRELL WILLIAMS JR. (01)
LONTRELL WILLIAMS SR. (02)
RODNEY WRIGHT JR. (03)
DEMARCUS GLOVER (04)
DARRION MCDANIEL (05)
TERRANCE RODGERS (06)
KORDAE JOHNSON (07)
KEDARIUS WATERS (08)
DAMARIAN GIPSON (09)

Case No. 3:26-CR-00211-N

## PROTECTIVE ORDER GOVERNING DISCOVERY MATERIALS

Before the Court is the government's Motion for Protective Order Governing

Disclosure of Discovery Materials.  The motion, in accordance with the findings set forth

below, is **GRANTED**.

WHEREAS, the government will provide materials to the defendant in the course

of the discovery process in this case (hereinafter, the "Discovery Materials") that may

contain personally identifiable information[1], financial account numbers, and other

protected information;

---

[1] "Personally Identifying Information" or "PII" means any information that can be used to distinguish or trace an individual's identity, either alone or when combined with other information that is linked or linkable to a specific individual. PII includes, but is not limited to: (a) the identifiers enumerated in Federal Rule of Criminal Procedure 49.1(a), namely Social Security numbers, dates of birth, financial-account numbers, and home addresses; (b) driver's license, passport, and other government-issued identification numbers; (c) employment and financial records; (d) telephone numbers, email addresses, IP addresses, and mailing addresses; (e) login credentials, account names, and device identifiers; and (f) any information concerning a victim, witness, cooperator, or third party not charged in the Indictment, the disclosure of which could reasonably be used to identify, locate, or contact that individual.

**Protective Order Governing Discovery Materials—Page 1 of 4**

AND WHEREAS, the parties agree that the government has a compelling interest in preventing the Discovery Materials from being disclosed to anyone not a party to the court proceedings in this matter, as such material may include information relevant to ongoing investigations and prosecutions, and such materials may implicate the privacy interests of victims and of third parties;

AND WHEREAS, the government has shown good cause to restrict discovery in this case, and the parties agree that the Court has the power under Fed. R. Crim. P. 16(d)(1) and 49.1(e) to grant appropriate relief to the parties where required in the interests of justice;

IT IS ORDERED that:

1.    Discovery Materials shall not be further disseminated[2] by the defendant or the defendant's counsel of record to any individuals, organizations or other entities, other than: (i) to members of the criminal defense team (co-counsel, paralegals, investigators, litigation support personnel, the defendant, and administrative staff) (together, the "Defense Team"); (ii) to any expert witness retained to assist in the preparation of the defense ("Expert Witness"); and (iii) counsel for other co-defendants independently subject to this Order (collectively, "Authorized Persons");

2.    The defendant's counsel of record and members of the Defense Team may show (but not provide copies of) the Discovery Materials to a witness or potential witness ("Witness") during the course of their investigation of this case;

---

[2] "Disseminated" means to provide, show, relinquish, or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

**Protective Order Governing Discovery Materials—Page 2 of 4**

3.      The defendant's counsel of record shall advise any person to whom the Discovery Materials are disclosed pursuant to the above provision that further disclosure or dissemination is prohibited without the express consent of the defendant's counsel of record, and shall further advise these Authorized Persons that they are bound by the terms of this Order;

4.      Discovery Materials containing the names or personal identifying information of any individuals shall not be maintained by the defendant, nor be in the sole physical custody of the defendant, nor shall the defendant be permitted to make notes containing the names or personal identifying information of any individuals mentioned in the discovery materials and keep such notes with him or disperse such notes or the contents thereof to anyone other than his attorney or members of his attorney's staff.  Defense counsel shall review any notes made while in the presence of counsel to ensure the notes do not include the names or personal identifying information for any individual mentioned in the Discovery Materials;

5.      Defendant's counsel of record shall store all Discovery Materials, and any copies thereof, in a secure place at all times;

6.      The Discovery Materials in this case are now and will forever remain the property of the United States government.  Upon resolution of all stages of this case, all Discovery Materials shall be destroyed or maintained under secure conditions by the defendant's counsel of record.  Upon written request of the government to the defendant's counsel of record, all Discovery Materials shall be returned to the government;

**Protective Order Governing Discovery Materials—Page 3 of 4**

7.    All Discovery Materials are to be used by the defendant, the defendant's counsel of record, any members of the Defense Team, any Expert Witness, and any Witness solely for the purpose of allowing the defendant to prepare his or her defense in this case and shall not be used for any other purpose or in connection with any other proceeding without further order of this Court;

8.    Any attorney of record who is retained or appointed to represent the defendant or who is later relieved of representation of a defendant is bound by the terms of this Order unless excused from its terms by Court Order; and

9.    Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

IT IS SO ORDERED.

Signed this _____ day of _____, 2026.

_____
DAVID C. GODBEY
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS